# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MANITOWOC MARINE GROUP LLC,

    Plaintiff,

  v.                                        Case No. 03-C-0232

AMERON INTERNATIONAL CORP., *et al.*,

    Defendants.

## MEMORANDUM AND ORDER

Defendant Ameron International Corp. has filed a motion seeking reconsideration of the court's June 28, 2006, decision which in effect revived that portion of Plaintiff Manitowoc Marine Group's claim against Ameron that I had previously held was extinguished as a result of the settlement agreement Manitowoc had entered with Defendant International Marine & Industrial Applicators, Inc. (IMIA). Manitowoc and IMIA reformed their settlement agreement and sought reconsideration of the court's previous decision that partially granted Ameron's motion for summary judgment. In my decision of June 28, I granted Manitowoc's and IMIA's motion for reconsideration and concluded on the basis of the reformed agreement that Manitowoc's claim against Ameron now included its indebtedness to IMIA. Ameron seeks reconsideration of my decision granting the motion for reconsideration filed by Manitowoc and IMIA. Ameron claims that I committed manifest error in granting the motion since it was based on a change in facts rather than newly discovered evidence or an erroneous legal analysis. Ameron further claims that even if a change in facts can support a motion for reconsideration, reform of a settlement agreement may not

resurrect a claim after the court has ruled on it. In the alternative, Ameron requests that the issue be certified for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Ameron's motion will be denied.

At the outset, the court rejects Ameron's contention that a district court may not reconsider its rulings absent a showing of a manifest error of law or newly discovered evidence. Because entry of judgment has not been made, Rule 54(b) of the Federal Rules of Civil Procedure authorizes reconsideration of the court's nonfinal orders. Fed.R.Civ.P. 54(b) ("any order or other form of decision, however designated, which adjudicates fewer than all the claims . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."); *see also Fisher v. Nat'l R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind.1993) ( "[I]t is well established that a district court has the inherent power to reconsider interlocutory orders and reopen any part of a case before entry of final judgment.") (citing *Marconi Wireless Tel. Co. v. United States*, 320 U.S. 1, 47-48 (1943)). "[I]f an interlocutory decree be involved, a rehearing may be sought at any time before final decree, provided due diligence be employed and a revision be otherwise consonant with equity." *John Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 90-91 (1922). Here, because of the change in facts represented by the Rescission Agreement, I conclude grounds existed to reconsider my earlier decision.

The more difficult question is whether a settlement agreement can be reformed after the court has adjudicated the parties' rights *vis a vis* a third party under the original agreement. Ameron is correct that *Krenz v. Medical Protective Co.*, 204 N.W.2d 663 (1973), is not controlling on this issue. In *Krenz*, a doctor, who was alleged to have negligently set the plaintiff's broken ankle, was the unintended beneficiary of a general release that the plaintiff gave to the insurer of the premises

2

in which she fell in settlement of a separate case brought to recover for the same injury. After the doctor moved for summary judgment on the basis of the release given the landowner's insurer in the other case, the parties in the other action reopened their case and reformed the release. Based on the reformed document, the doctor's motion was denied.

It is true that in *Krenz*, unlike this case, the parties reformed the release prior to the court's ruling on the motion of the alleged third-party tortfeasor for summary judgment. Here, of course, Manitowoc and IMIA denied that the legal effect of their agreement was to extinguish any portion of the claim against Ameron and only moved to amend their agreement after the court ruled otherwise. Nevertheless, I concluded in my previous decision that the same rationale applied. The doctor in *Krenz*, like Ameron here, argued that a court should not allow reformation if it will result in an injury to third parties. However, the Wisconsin Supreme Court rejected this argument, stating:

> But we see no injury to Dr. Sievers. The original release in effect gave him a free ride without his knowledge, consent, or any consideration so far as the Krenzes' rights are concerned. He cannot stand in the position of a third-party beneficiary of a contract because the parties did not intend to contract for his benefit or intend any part of the promised consideration to go to him. Dr. Sievers stands in no equitable position. He is an alleged independent tortfeasor liable for his wrongdoing. He did nothing to his damage in reliance on the original release and therefore the original parties to the release are not precluded from amending the release without his consent to fully express their intent.

204 N.W.2d at 666.

I find the same rationale persuasive in this case. Ameron was not a party to the original release between Manitowoc and IMIA, and it certainly was not intended to benefit from it. Although I agree with Ameron that the legal effect of the original settlement agreement between Manitowoc and IMIA was to extinguish a portion of Manitowoc's claim against Ameron, this clearly was not their intent. By allowing Manitowoc and IMIA to reform their agreement, the court

3

is giving effect to the intent of the parties to the agreement and placing the parties precisely where they would have been absent such an agreement. Ameron is simply denied a potential windfall. Absent compelling authority to the contrary, I conclude reformation under the circumstances of this case should be allowed. Accordingly, Ameron's motion for reconsideration will be denied.

I also conclude that Ameron's alternative request that the issue be certified for interlocutory appeal to the Seventh Circuit should also be denied. The criteria for granting certification for immediate appeal are: "there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation." *Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000). The Seventh Circuit has made clear that "[u]nless all these criteria are satisfied, the district court may not and should not certify its order to us for an immediate appeal under section 1292(b)." *Id.* at 676. Here, I conclude that at least two of the foregoing criteria are absent. The issue raised by Ameron is one of many and relates only to damages. It is hardly controlling of the litigation between the parties.

More importantly, certification for immediate appeal on this issue would not speed up the litigation. The case has been pending more than three years and is set for trial next month. Certification would significantly delay proceedings. Even if the court's ruling on the damage issue is later found to be in error, it would have no effect on the liability issues that a trial will resolve. If the parties reach agreement on liability, they can certainly structure a settlement agreement that will preserve the right to seek appellate review of the damage issue. And if they can't, reversal on the damage issue is not likely to require a whole new trial. Certification of this issue for appeal now would merely delay the ultimate resolution of the case and potentially result in piecemeal appeals. Accordingly, Ameron's request for certification under § 1292(b) is denied.

**IT IS THEREFORE ORDERED** that Ameron's motion for reconsideration or, alternatively, for certification under 28 U.S.C. § 1292(b) (Docket #178) is **DENIED**.

Dated this   28th   day of August, 2006.

>                           s/ William C. Griesbach
>                           William C. Griesbach
>                           United States District Judge