UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MANITOWOC MARINE GROUP, LLC,

        Plaintiff,

v.                                            Case No. 03-C-0232

AMERON INTERNATIONAL CORP., et al.,

        Defendants.

---

**ORDER FOR ENTRY OF JUDGMENT**

---

Plaintiff Manitowoc Marine has moved for entry of judgment against Ameron following a jury verdict in its favor on October 4, 2006, and submitted a bill of costs. Ameron, in turn, has moved for judgment on defendant IMIA's cross-claims and on its counterclaim against Manitowoc. Ameron also objects to Manitowoc's bill of costs as premature, unauthorized in part, and excessive. Also pending is Ameron's motion for judgment notwithstanding the verdict pursuant to Fed. R. Civ. P. 50(b), and, alternatively, for a new trial pursuant to Fed. R. Civ. P. 59. The latter motion is not yet fully briefed and will remain under advisement. This order will address the entry of judgment and allowance of costs.

**1. Judgment**

Under Rule 58(a)(2)(B)(i), the court is to promptly enter judgment following a jury verdict. This is the case even when, as here, post-verdict motions are under the court's consideration. *See Poleto v. Consolidated Rail Corp.,* 826 F.2d 1270, 1281 (3d. Cir. 1987) ("To prevent prejudice to the plaintiff's right to postjudgment interest, the court should enter judgment immediately after the

jury's verdict.") Accordingly, judgment will be ordered forthwith.

Pursuant to Manitowoc's motion, the judgment will award damages of $1,942,000, minus an offset of $161,035.85 reflecting judgment for Ameron on its counterclaim, resulting in a total of $1,780,964.15. In addition, pre-verdict interest is awarded in the amount of $304,471.69. *See* Wis. Stat. § 138.04. In addition, Manitowoc is entitled to postverdict (prejudgment) interest at the rate of 12% under Wis. Stat. § 814.04(4), which is $85.62 per day between entry of the verdict (October 4) and entry of judgment (November 28), or 48 days x 85.62 = $4109.76. Postjudgment interest is also awarded pursuant to 28 U.S.C. § 1961(a). Ameron has not objected to the award of interest.

In addition, Ameron also seeks entry of judgment. Ameron's motion for judgment on IMIA's cross claim will be granted pursuant to this court's March 28, 2006 decision granting summary judgment in favor of Ameron on IMIA's claim for fraud. Ameron also seeks judgment on its counterclaim against Manitowoc; the court orally awarded Ameron judgment on its counterclaim in the amount of $161,035.85 at the conclusion of the evidence, and that amount will be reflected in the judgment as a set-off against the amount awarded Manitowoc. Ameron seeks prejudgment interest for that amount based on the sums set forth in its invoices listed in exhibit 524-A. The $161,035.85 will be subtracted from the total amount awarded to Manitowoc, however, meaning that any prejudgment interest due Ameron is already accounted for by virtue of the setoff. Finally, the court orally dismissed Ameron's cross claim for contribution and/or indemnification against IMIA prior to trial, and the judgment should reflect this ruling as well.

**2. Costs**

The parties also dispute whether, and which, costs should be awarded. Manitowoc seeks costs on its own behalf as well as IMIA's. For its part, Ameron asserts that costs to IMIA are not

warranted and also claims that it should be awarded costs for its counterclaim against Manitowoc.

I conclude Manitowoc is entitled to costs as the prevailing party. Fed. R. Civ. P. 54(d)(1). However, Manitowoc is not entitled to costs incurred by IMIA. Although IMIA's claim against Ameron was subsumed in Manitowoc's claims, IMIA cannot be considered a prevailing party within the meaning of Fed. R. Civ. P. 54(d). Accordingly, I have no authority to award costs incurred by, or on behalf of, IMIA. Nor will I award costs to Ameron. Although it prevailed on its counterclaim, its success represented not so much the success of a prevailing party but a partial mitigation of the damages Manitowoc sought. Moreover, the amounts in question were not generally in dispute. Accordingly, costs are awarded to Manitowoc but not to IMIA or Ameron.

Therefore, IT IS ORDERED THAT:

Judgment be entered in favor of Manitowoc Marine on its claims for breach of express warranty and implied warranty of merchantability against Ameron in the total amount of $1,780,964.15 ($1,942,000 less $161,035.85 awarded Ameron on its counterclaim), together with pre-verdict interest in the amount of $304,471.69 and post-verdict prejudgment interest of $4109.76. All cross-claims between Ameron and IMIA are dismissed with prejudice. Statutory costs are awarded to Manitowoc and shall be taxed by the clerk.

Dated this 28th day of November, 2006.

    /s William C. Griesbach
William C. Griesbach
United States District Judge

3

Case 1:03-cv-00232-WCG   Filed 11/28/06   Page 3 of 3   Document 238