# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

MANITOWOC MARINE GROUP, LLC,

        Plaintiff,

    v.                                    Case No. 03-C-0232

AMERON INTERNATIONAL CORP., et al.,

        Defendants.

## ORDER AMENDING JUDGMENT AND GRANTING STAY OF EXECUTION

On October 4, 2006, a jury returned a verdict awarding Plaintiff Manitowc Marine, LLC (Manitowoc), $1.9 million in damages in the above matter. Defendant Ameron International Corp. (Ameron) indicated its intent to file post-verdict motions seeking judgment notwithstanding the verdict or a new trial. Given the complexity of the issues, the court set a briefing schedule under which the moving party would file its motion and supporting brief within thirty days and the opponent would have thirty days to respond. Ameron timely filed its post-verdict motions on November 3, 2006. On the same day, Manitowoc filed a motion for judgment on the verdict, along with a request for both pre- and post-verdict interest.

Responding to Rule 58(a)(2)(B)'s command that "the court must promptly approve the form of the judgment, which the clerk must promptly enter, when . . . the jury returns a special verdict or a general verdict accompanied by interrogatories, . . .", Fed. R. Civ. P. 58(a)(2)(B), the court ordered the entry of judgment in Manitowoc's favor for the amount of damages awarded by the jury, less the $161,035.85 awarded Ameron on its counterclaim, along with the pre- and post-verdict interest Manitowoc requested. Ameron has now advised the court that it intends to challenge

Manitowoc's request for prejudgment interest and was relying on the briefing schedule established by the court upon receipt of the verdict to do so. Under that briefing schedule, Ameron's response to Manitowoc's motion was not due until today, December 4, 2006. Because the court awarded prejudgment interest before receiving its response, Ameron requests that the portion of the judgment awarding such interest be vacated.

Ameron's request will be granted. The court did not intend to deny Ameron the opportunity to respond to Manitowoc's request, but assumed, erroneously it now appears, that the motion schedule set by the court governed only Ameron's post-verdict motions. The court will therefore order that the portion of the judgment awarding Manitowoc prejudgment interest be vacated and an amended judgment entered. The issue of Manitowoc's right to prejudgment interest will be addressed by the court once the issue is fully briefed and the judgment may be further amended, if necessary.

In its previous order for judgment, the court also addressed several issues relating to costs. Specifically, the court held that Manitowoc would be awarded only its own costs, not those of International Marine Industrial Applicators, Inc. (IMIA), since IMIA was not a prevailing party. The court also denied Ameron costs on its counterclaim against Manitowoc and its cross-claim against IMIA. In light of the court's ruling, it will be necessary for Manitowoc to delete IMIA's costs and resubmit its own bill of costs to the clerk. Under the local rules, however, it need not do so until after the court enters an order granting or denying Ameron's post-verdict motions. *See* Civil L.R. 54.1(a). Any determination of costs before that time would be premature.

Finally, the court will also order that any proceedings by Manitowoc to enforce the judgment be stayed pursuant to Rule 62(b) until the post-verdict motions are decided. Fed. R. Civ. P. 62(b).

While a stay of more than ten days is not automatic, the court finds that Ameron's post-verdict motions have sufficient merit to justify such relief at this time.

**IT IS THEREFORE ORDERED** that the portion of the judgment previously entered in this matter awarding Manitowoc prejudgment interest is vacated and the clerk shall enter an amended judgment forthwith.

**IT IS FURTHER ORDERED** that all proceedings to enforce the judgment are stayed until the pending post-verdict motions are decided.

Dated this ___4th___ day of December, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge